United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40179
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CRUZ CORTEZ-MELENDEZ,
Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1631-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Jose Cruz Cortez-Melendez appeals his conviction and sentence following his plea of guilty to one count of unlawful re-entry. Melendez first contends that the district court's 16-level enhancement of his offense level based on his prior drug trafficking conviction violated his constitutional rights in light of United States v. Booker, 125 S. Ct. 738 (2005). As the enhancement was based on a prior conviction, there is no Sixth Amendment error; rather, any error was in the application of the Sentencing Guidelines as mandatory, which we have termed "Fanfan"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  See United States v. Walters, 418 F.3d 464, 463 (5th Cir. 2005) (discussing the distinction between the two types of error addressed in Booker).  When "Fanfan" error is preserved in the district court, this court "will ordinarily vacate the sentence and remand, unless we can say the error was harmless."  United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  As there is no indication in the record that the district court would have imposed the same sentence under an advisory rather than mandatory Guidelines scheme, the Government cannot carry its burden of demonstrating harmless error, a point that the Government effectively concedes.  See United States v. Akpan, 407 F.3d 360, 376-77 (5th Cir. 2005),

Cortez next argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional because they treat prior convictions as sentencing factors rather than offense elements.  Cortez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Cortez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Cortez properly concedes that his argument is foreclosed in light of Almendarez-Torres and

circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Cortez's conviction, but we VACATE his sentence and REMAND for re-sentencing.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.